IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABM INDUSTRIES, INC. and AMPCO SYSTEM PARKING,<br><br>Plaintiffs,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and CERTAIN JOHN DOE INSURANCE COMPANIES,<br><br>Defendants. | No. C 05-3480 SBA<br><br>**ORDER** |

This matter comes before the Court on Plaintiffs' Motion for Leave to File Amended Complaint [Docket No. 59] and on the parties' Stipulation to extend the deadlines for discovery, expert designation and expert discovery. Having read and considered the arguments presented by the parties in their moving papers, the Court finds this matter appropriate for disposition without a hearing. The Court HEREBY GRANTS Plaintiff's Motion for Leave to File Amended Complaint, and APPROVES the parties' Stipulation to extend the deadlines for discovery, expert designation and expert discovery.

**BACKGROUND**

On August 26, 2005, Plaintiffs ABM Industries, Inc. and AMPCO System Parking ("Plaintiffs") filed a complaint against Zurich American Insurance Company ("Zurich"), National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively, "Defendants") and Certain John Doe Insurance Companies, asserting counts for declaratory judgment and breach of contract against Zurich and National Union, and tortious breach of the implied covenant of good faith and fair dealing against Zurich. On September 6, 2005, Plaintiffs filed a first amended complaint asserting the same three counts. In the amended complaint, Plaintiffs allege that Zurich and National Union refused to provide insurance coverage to Plaintiffs for the tortious interference, breach of contract and civil

conspiracy claims asserted against Plaintiffs by IAH-JFK Airport Parking Co., LLC in the United States District Court for the Southern District of Texas, Case No. H-04-0157 (the "Underlying Action").

On January 25, 2006, Zurich filed a motion for summary judgment [Docket No. 24]. On January 27, 2006, Zurich filed an amended motion for summary judgment [Docket No. 28]. On the same date, Plaintiffs filed their motion for partial summary judgment [Docket No. 30]. On February 20, 2006, National Union filed a motion for summary judgment [Docket No. 36].

On March 29, 2006, Plaintiffs filed the instant Motion for Leave to File Amended Complaint [Docket No. 59]. Plaintiffs seek to amend the first amended complaint by adding recently-developed factual allegations and a claim relating to those factual allegations–a tortious breach of the implied covenant of good faith and fair dealing against National Union. Plaintiff's Motion for Leave to File Amended Complaint ("Pls' Motion") at 1. Specifically, Plaintiffs seek to add the following to their first amended complaint: (1) paragraph 49 regarding National Union's failure to respond to Plaintiffs' tender; (2) facts concerning the settlement agreement dated August 22, 2005 in paragraphs 53-55; (3) paragraphs 56-65 regarding the second mediation session on January 31, 2006 and the resulting settlement agreement; and (4) allegations setting forth the bad faith claim against National Union in paragraphs 82-92. Pls' Motion at 2. Defendants oppose Plaintiff's Motion asserting the amendments constitute a dilatory tactic, and are untimely, unduly prejudicial, and futile.

The parties have conducted virtually no discovery. Pls' Reply at 3. Only Plaintiffs have noticed depositions. Parties' Stipulation at 2. On May 12, 2006, the parties filed a stipulation with the Court to extend the discovery deadline until September 28, 2006; the deadline for expert designation until October 16, 2006; and the deadline for expert discovery until October 30, 2006 [Docket No. 70].

## LEGAL STANDARD

A decision to allow parties leave to amend their pleadings is within the sound discretion of the district court. *DCD Programs, Ltd., et al. v. Leighton et al.*, 833 F.2d 183, 185 (9th Cir. 1987) ("*Leighton"*). In exercising its discretion, however, the Ninth Circuit requires that district courts grant leave to amend with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written

consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The underlying purpose of Rule 15 is to facilitate decision on the merits rather than on the pleadings or technicalities. *Leighton*, 833 F.2d at 186. The party opposing the amendment bears the burden of showing why the amendment should not be granted. *Butler v. Robar Enterprises, Inc. et al.*, 208 F.R.D. 621, 623 (C.D. Cal. 2002).

In determining whether to grant leave to amend, the Court should consider factors such as bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Leighton*, 833 F.2d at 186. Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Delay, by itself, is insufficient to justify denial of leave to amend. *Leighton*, 833 F.2d at 186. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised in the original pleadings." *See Jackson v. Bank*, 902 F.2d at 1388. Futility of proposed amendments is evaluated under the Federal Rule of Civil Procedure 12(b)(6) standard. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts could be proved under the amendment to the pleadings that would constitute a valid and sufficient claim"); 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974) (test to be applied when determining the legal sufficiency of a proposed amendment is identical to the test under Rule 12(b)(6)).

## ANALYSIS

**A.  Undue Delay and Prejudice**

Plaintiffs claim that their amendments are based on the new facts and developments which occurred in connection with the second mediation session that took place in the Underlying Action on January 31, 2006, and the approval by Plaintiffs' board of directors of the settlement of the Underlying Action on February 9, 2006. Specifically, Plaintiffs claim that the February 2006 settlement of the Underlying Action fully exhausted the primary Zurich policy and therefore obligates National Union to fund the excess portion of the settlement amount pursuant to the National Union umbrella policy. Plaintiffs claim that the motion for leave to amend was filed as soon thereafter as possible. In response, Defendants argue that Plaintiffs' proposed amendments are untimely and therefore prejudicial, because

they were filed after the motions for summary judgment.

Plaintiffs' proposed amendments involve facts that arose after the first amended complaint was filed and even after Zurich's motion for summary judgment was filed. Thus, it does not appear that Plaintiffs' motion is a dilatory tactic to avoid summary judgment. Furthermore, this litigation is in its early stages, with virtually no discovery having been conducted by any of the parties. Accordingly, it does not appear that Defendants are prejudiced by the delay. Moreover, Defendants were aware of the operative facts underlying the new amendments, given their presence at the January 2006 mediation session where Plaintiffs settled the Underlying Action. Thus, Defendants should not be surprised by the new facts being asserted in the proposed amendments and by the new claim premised on those new facts. *See Jackson*, 902 F.2d at 1388. In sum, Plaintiffs' proposed amendments are not untimely and prejudicial to Defendants.

**B.     Futility of Amendments**

*1.     Inadmissibility of Evidence*

Zurich also opposes Plaintiffs' Motion on the ground that the proposed amendments are based on inadmissible evidence and therefore futile. Zurich Opp. at 5-8. Specifically, Zurich argues that because the amendments are based on the mediation session and settlement negotiations, they are futile because such evidence is inadmissible under Federal Rule of Evidence 408. Zurich Opp. at 3-4. In response, Plaintiffs argue that Rule 408 is inapplicable. Reply at 9.

Rule 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed.R.Evid. 408 (emphasis added).

Plaintiffs argue this Rule is inapplicable because the evidence of the mediation and settlement negotiations in the Underlying Action is not being offered to prove liability of the defendants in the Underlying Action or invalidity of the claims in the Underlying Action. Rather, Plaintiffs will offer the

4

evidence in this action for another purpose – to demonstrate that Defendants unreasonably denied coverage. Pls' Reply at 9. Plaintiffs are correct that Rule 408 will not preclude admissibility of the statements if the evidence is not offered to prove liability for, or validity of, a claim or its amount. By its terms, the Rule does not require exclusion of any evidence otherwise discoverable simply because it is presented in the course of compromise negotiations. Plaintiffs allege that Defendants' coverage counsel came to the mediation and refused coverage. Pls' Motion, Ex. A, ¶¶ 61-62. Under Rule 408, the evidence is not excluded if it is offered for another purpose. For example, if Defendants dispute the fact that they denied coverage, Plaintiffs may offer evidence of Defendants' counsel's conduct and statements made during the settlement negotiations in the Underlying Action to prove that they did. *See e.g., Breuer Elec. Mfg. Co. v. Toronado Sys. of Am.*, Inc., 687 F.2d 182, 185 (7th Cir. 1982) (existence of settlement negotiations admissible to rebut claim that party had no knowledge of suit); *Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc*., 626 F. Supp. 159, 165 (N.D. Ill. 1985) (occurrence of settlement talks admissible to establish agency relationship).

### *2.     Failure to State a Claim for Insurance Bad Faith against National Union*

National Union argues that Plaintiffs' proposed amended claim is futile because Zurich has denied coverage, therefore, the Zurich policy has not been exhausted, and the National Union umbrella policy has not been triggered. National Union relies on *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994). However, *Iolab Corp*. is distinguishable, because plaintiff in that case had not established that the loss in the underlying action would ever trigger excess coverage. *See id.* at 1505. Here, on the other hand, following the settlement and payment of funds to the plaintiffs in the Underlying Action, it is clear that National Union's liability for the excess will be an issue because the primary policy – the Zurich policy – is not sufficient to cover the $6.3 million loss.

Plaintiffs argue that they stated a valid claim and rely on *Mariscal v. Old Republic Life Insurance Co.* (1996) 42 Cal.App.4th 1617, 1624. *See* Reply at 6-7. In *Mariscal*, the court held that an insurance company may not ignore evidence which supports coverage. *Id*. Here, taking as true Plaintiffs' allegations that the amount of the settlement in the Underlying Action triggers National Union's policy, the reasonableness of National Union's denial of coverage is implicated. *See Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts could

5

be proved under the amendment to the pleadings that would constitute a valid and sufficient claim").

Defendants, as parties opposing the amendments, bear the burden of showing that the amendments should not be allowed. *See Butler*, 208 F.R.D. at 623. Defendants have not met their burden.

## **CONCLUSION**

For the foregoing reasons,

IT IS HEREBY ORDERED THAT Plaintiffs ABM Industries, Inc. and AMPCO System Parking's Motion for Leave to File Amended Complaint [Docket No. 59] is GRANTED. Plaintiff's Proposed Second Amended Complaint attached as Exhibit A to Plaintiffs' Motion is deemed filed and served as of the date of this Order. Pursuant to Federal Rule of Civil Procedure15(a), Defendants shall respond to the Second Amended Complaint within 10 days of service.

IT IS FURTHER ORDERED THAT given the Court's ruling on the instant Motion, the parties' Motions for Summary Judgment and Partial Summary Judgment [Docket Nos. 28, 30, 36], currently scheduled for hearing on June 6, 2006 at 1:00 p.m., are DENIED without prejudice to re-filing the motions, if appropriate, based on the Second Amended Complaint.

IT IS FURTHER ORDERED THAT the parties' Stipulation to extend the deadlines for discovery, expert designation and expert discovery [Docket No. 70] is APPROVED. The discovery deadline is extended until September 28, 2006; the deadlines for expert designation and expert discovery are extended until October 16 and 30, 2006, respectively.

IT IS SO ORDERED.

Dated: 5/24/06

SAUNDRA BROWN ARMSTRONG
United States District Judge